### WALSH v. BOWERY SAV. BANK.

*(Common Pleas of New York City and County, General Term. February 3, 1890.)*

APPEAL—LEAVE TO GO TO COURT OF APPEALS.

Where a bank pays over a deposit to the administrator of the depositor after ample notice of plaintiff's claim thereto, as donee of the fund, it will not be granted an appeal to the court of appeals from an adverse decision of the court of common pleas, for the purpose of having a question of law, with reference to the contractual force of its rules limiting its liability to depositors, "definitely" decided.

Motion for leave to appeal to the court of appeals. For former reports, with opinions on the merits, see 7 N. Y. Supp. 97, 669.

An action by Mary Walsh against the Bowery Savings Bank, to recover money deposited with defendant, and assigned to plaintiff by the depositor, together with the pass-book. The defense was a non-compliance with certain rules contained in the pass-book. There was a judgment for plaintiff. Defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Norwood & Coggeshall,* for appellant. *W. H. Regan,* for respondent.

BOOKSTAVER, J. The ground on which the appellant now seeks to go to the court of appeals, to-wit, to have the question of law with reference to the contractual force of the rules of the appellant limiting and defining the relations of the defendant to its depositors definitely settled, is not sufficient to warrant the granting of the motion, and the continuance of this litigation at the expense of the plaintiff, who had given the bank ample notice of the plaintiff's claim before it paid the money to the depositor's administrator. The dilemma in which it now finds itself is one of its own creation. When the administrator made his demand, it could have refused payment to him on the ground of plaintiff's claim, and then waited until one or the other commenced an action to recover the amount, when it could have brought in the other claimant, or notified him or her of the action, and require the one not suing to defend, instead of which it took the responsibility of determining to which it would pay, and must abide by the result. The motion will therefore be denied, with $10 costs.